This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOHN CONTRERAS,**

   **Worker-Appellant,**

  **vs.**            **No. 33,577**

**MILLER BONDED, INC., and**
**MECHANICAL CONTRACTORS**
**ASSOCIATION OF NEW**
**MEXICO INC. WORKERS'**
**COMPENSATION GROUP FUND,**

   **Employer/Insurer-Appellee.**

**APPEAL FROM WORKERS' COMPENSATION ADMINSTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

The Gilpin Law Firm, LLC
Donald Gilpin
Albuquerque, NM

for Worker-Appellant

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Employer/Insurer-Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Worker has appealed from an order denying his claim for benefits. We previously issued a notice of proposed summary disposition in which we proposed to uphold the WCJ's determination. Worker has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}** As previously described in the notice of proposed summary disposition, where causation is disputed, expert medical testimony must be presented in support of any claim. *See* NMSA 1978, § 52-1-28(B) (1987) ("In all cases where the employer or his insurance carrier deny that an alleged disability is a natural and direct result of the accident, the worker must establish that causal connection as a probability by expert testimony of a health care provider . . . testifying within the area of his expertise."); *Gonzales v. Stanke-Brown & Associates, Inc.*, 1982-NMCA-109, ¶ 14, 98 N.M. 379, 648 P.2d 1192 ("This causation requirement applies to any claim for worker's compensation[.]"). In this case, although causation was disputed, Worker presented no expert medical testimony in support of his claims. [MIO 1] This is a fatal deficiency. Although Worker invites this Court to depart from the foregoing principles, and to "consider his testimony along with the medical diagnostic tests" in

order to infer the requisite link between his injury and his disability, [MIO 3] we decline the invitation. *See generally State v. Rivera*, 2004-NMSC-001, ¶ 10, 134 N.M. 768, 82 P.3d 939 ("[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language[.]" (internal quotation marks and citation omitted)). Insofar as Worker bore the burden of establishing causation, *see id.*, we are similarly unpersuaded that it was incumbent upon Employer/Insurer to disprove causation. [MIO 4]

{3}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{4}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Judge**


_____
**M. MONICA ZAMORA, Judge**